UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ADRIAN DYER, | Case No. 1:25-cv-02189-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| JOHN DELEHANTY, *et al.*, | |
| Defendants. | |

**KASUBHAI,** United States District Judge:

Adrian Dyer, proceeding self-represented, brings this action against Defendants John Delehanty, Allan Graham, Feyga Saksonov, Marian Ryan, Town of Natick, and Commonwealth of Massachusetts. Compl., ECF No. 1. Before the Court is Plaintiff's Application for Leave to Proceed *in forma pauperis* ("IFP"). ECF No. 2. The Court grants Plaintiff's Application to Proceed IFP but finds that the Court lacks personal jurisdiction over Defendants. For the reasons stated below, Plaintiff's Complaint is dismissed with leave to amend.

BACKGROUND

Plaintiff, a resident of Oregon, alleges that Defendants' actions initiating criminal proceedings against him in Massachusetts violated his Constitutional rights under the First, Second, Sixth, and Fourteenth Amendments, as well as the Supremacy Clause. Compl. ¶¶ 29, 40. Defendants include: Delehanty and Graham, police officers at the Natick Police Department in Natick, Massachusetts; Saksonov and Ryan, attorneys at the Middlesex County District

Attorney's Office in Middlesex County, Massachusetts; the Town of Natick; and the Commonwealth of Massachusetts. *Id.* ¶¶ 5-10.

Plaintiff's claims arise out of an alleged affidavit that initiated criminal proceedings against him, which was submitted by Defendant Delehanty and approved by Defendant Graham. *Id.* ¶¶ 5-6. Plaintiff alleges that Defendant Saksonov appeared in her official capacity in the prosecutorial proceedings against Plaintiff, under the supervision of Defendant Ryan. *Id.* ¶¶ 7-8.

Plaintiff alleges that "nearly ten weeks after charges were filed," he received "the complaint."[1] *Id.* ¶ 13. Plaintiff "was never taken into custody, never served with a warrant, and never granted an opportunity to respond to the allegations prior to his interstate appearance." *Id.* Plaintiff alleges that "the complainant appeared at a local hearing without notice to Plaintiff and successfully secured an *ex parte* Abuse Prevention Order." *Id.* ¶ 15.

The Abuse Prevention Order was then "transmitted across state lines into Oregon without Oregon's awareness and involvement," but served "by a Washington County sheriff." *Id.* ¶¶ 15, 27. Per Plaintiff, "[t]he order sought to extend Massachusetts jurisdiction into Oregon without a trial, without cross-examination, and without verification of facts." *Id.* ¶ 15. Plaintiff also alleges that "[a]t no time did Massachusetts authorities coordinate with Oregon courts or law enforcement in executing the arrest in absentia, initiating charges, or applying procedural restrictions." *Id.* ¶ 16. Plaintiff seeks monetary, declaratory, and injunctive relief under 42 U.S.C. § 1983. *Id.* ¶ 49.

---

[1] It is unclear whether this refers to the affidavit signed by Defendant Delehanty or some other document.

## DISCUSSION

### I. Financial Status

"The right to proceed in forma pauperis is not an unqualified one[.] It is a privilege, rather than a right." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (citations omitted). The Court shall dismiss a case if it determines that the allegation of poverty is untrue. 28 U.S.C. § 1915(e)(2)(A). While a plaintiff need not be completely destitute to qualify for IFP status, a plaintiff must allege poverty "with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citations omitted).

Here, Plaintiff states in his IFP application that he is currently unemployed and earns no income. ECF No. 2 at 1. Plaintiff states that his household's only source of income is his wife's take-home pay of $540 every two weeks. *Id.* at 2. He further states that his wife's income covers only their basic household necessities, with no funds left over to pay the filing fee. *Id.* Based on the lack of income and assets alleged in Plaintiff's application, the Court finds Plaintiff is unable to pay the cost of commencing the action and therefore grants Plaintiff's Application for Leave to Proceed IFP.[2]

### II. Mandatory Screening

Congress has mandated that district courts screen IFP applications and dismiss any case that "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Screening Plaintiff's Complaint here, it is dismissed because the Court does not have personal jurisdiction over Defendants.

---

[2] While this application was pending, Plaintiff's filing fee was paid. Accordingly, the Court will issue a refund.

Under the facts Plaintiff has alleged, this Court lacks personal jurisdiction over Defendants. "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over [defendants]." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)). "Oregon's long-arm statute confers jurisdiction to the extent permitted by due process." *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990); *see also* Or. R. Civ. P. 4(L). Due process requires the defendant to "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Courts may exercise two types of personal jurisdiction over a defendant: general personal jurisdiction and specific personal jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

A.      **General Personal Jurisdiction**

A defendant may only be subject to general personal jurisdiction in the state where they are domiciled or "at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). A court may not assert general jurisdiction over an out-of-state defendant unless the defendant has contacts with the forum state that are so "continuous and systematic" as to render the defendant "essentially at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Defendants are neither domiciled nor "at home" in Oregon. Defendants Delehanty and Graham are police officers employed by the Natick Police Department in Natick, Massachusetts. Compl. ¶ 5-6. Defendants Saksonov and Ryan are attorneys employed by the Middlesex County District Attorney's Office in Middlesex County, Massachusetts. *Id.* ¶ 7-8. Finally, Defendants Town of Natick and Commonwealth of Massachusetts are likewise not located within Oregon. *Id.* ¶ 9-10. There are no facts alleging that any Defendant has continuous and systematic contacts

with Oregon, the forum state. The Court does not have general personal jurisdiction over Defendants.

B.     **Specific Personal Jurisdiction**

A court has specific personal jurisdiction over an out-of-state defendant if three criteria are met: (1) the claim arises out of the defendant's forum-related activities; (2) the defendant purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; and (3) the exercise of jurisdiction is reasonable. *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 560 (9th Cir. 1995).

Here, Plaintiff does not allege that Defendants directly engaged in any events in Oregon that give rise to his claims. Rather, Plaintiff alleges that Defendants "projected prosecutorial force across state lines." Compl. ¶ 16. The primary action giving rise to Plaintiff's claims is Defendant Delehanty's submission of an affidavit that initiated criminal proceedings against Plaintiff in Natick, Massachusetts. *Id.* ¶ 5. Plaintiff alleges that the proceedings crossed state lines when a Washington County sheriff served Plaintiff with a Massachusetts-issued Abuse Prevention Order after Plaintiff had returned to his domicile in Oregon. *Id.* ¶¶ 15-16. These legal proceedings are still ongoing in Massachusetts, and Defendants are requiring Plaintiff to appear in person. *Id.* ¶ 20.

"[T]he plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). For a state to exercise jurisdiction over the defendant, the defendant's own actions must form a connection with the forum state. *Id.* Initiating criminal proceedings against a plaintiff who later travels to a different state is not sufficient to form contacts between the defendant and the forum state. *See id.* at 288-89 (holding that the plaintiffs' connections to Nevada did not impose personal jurisdiction in Nevada on an officer who filed an

affidavit against the plaintiffs in Georgia). Here, Defendant Delehanty's submission of an affidavit in Massachusetts against Plaintiff, a resident of Oregon, is not sufficient to connect any Defendants to Oregon.

The fact that the Abuse Prevention Order was transmitted across state lines and served in Oregon likewise does not give rise to specific jurisdiction. The Ninth Circuit has addressed the question of what actions give rise to specific jurisdiction when individuals in another state institute criminal proceedings against an individual in the forum state. *Lee v. City of Los Angeles*, 250 F.3d 668, 693-94 (9th Cir. 2001). In *Lee*, the Ninth Circuit held that out-of-state (New York) law enforcement officers took "deliberate actions" giving rise to specific jurisdiction in the forum state (California) by "using the California criminal justice system to accomplish the extradition, sending the LAPD an identification packet to facilitate the extradition, regularly communicating with the LAPD during the extradition process, and traveling to Los Angeles to escort the purported fugitive back to New York." *Id.* at 693. The Court explained that because the out-of-state officers were "directly and significantly involved" in the extradition, they were subject to district court's personal jurisdiction. *Id.* at 694.

Here, there are no allegations of direct and significant involvement by Defendants within Oregon similar to those that existed in *Lee*. The mere transmission of the Abuse Prevention Order to Oregon is insufficient to establish specific jurisdiction. Nothing in the Complaint indicates that Defendants participated in forum-related activities or availed themselves of the privileges of conducting business in Oregon. Accordingly, this Court lacks specific personal jurisdiction over Defendants and Plaintiff's Complaint is dismissed on that basis.

**III.    Leave to Amend**

In civil rights cases in which the plaintiff is self-represented, the court construes the pleadings liberally and must afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985). Ordinarily, self-represented plaintiffs are given leave to amend their complaint. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). But if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment," leave to amend need not be given. *Id.* (internal quotation marks omitted). Because it is not clear this Complaint could not be cured by amendment, the Court will permit Plaintiff an opportunity to amend his Complaint and address the deficiencies identified above.

## CONCLUSION

For the reasons explained above, Plaintiff's motion to proceed IFP (ECF No. 2) is GRANTED. However, the Complaint is DISMISSED. Plaintiff has leave to amend his Complaint within 30 days of the date of this Order. The Clerk of the Court is ordered to issue a refund check for $405 to Jamie Eldrett at 1257 Plummer Avenue #B Grants Pass, OR 97527 (the recipient and address reflected in the receipt issued for the payment of the filing fee).

DATED this <u>11th</u> day of February 2026.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI (he/him)<br>
United States District Judge